# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:01cr36-RH/WCS

ANTHONY ORLANDO GIBBS,

    Defendant.

_____/

## ORDER DENYING MOTION FOR CREDIT ON SENTENCE

Defendant was convicted and sentenced in this court. He also has been sentenced for other offenses by Florida and Michigan state courts. By order entered April 1, 2005, defendant's letters as filed on March 2 and March 16, 2005, were deemed a motion for credit on defendant's federal sentence for time spent in custody prior to imposition of that federal sentence. The government was directed to respond.

Determining credit on a federal sentence is the job of the Bureau of Prisons in the first instance. *See, e.g., Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992). Bureau determinations are subject to judicial review, but only after exhaustion of administrative remedies. *See, e.g., United States v. Lucas*, 898 F.2d

1554 (11th Cir. 1990).

The government's response to defendant's motion sets forth the best current understanding of the Bureau of Prisons of time spent in state and federal custody and how credit for that time should be afforded. The response also makes clear, however, that defendant has not exhausted his administrative remedies within the Bureau of Prisons as required prior to any judicial review on this issue.

Accordingly,

IT IS ORDERED:

Defendant's motion for credit for time served (documents 131 and 134) is denied without prejudice for failure to exhaust administrative remedies.

SO ORDERED this 9th day of May, 2005.

                                      s/Robert L. Hinkle
                                      Chief United States District Judge